Bertram Harnett, J.
The petitioner, Irving C. Walston, has been held in the Nassau County Jail since April 22,1968 pending trial on an indictment for burglary, third degree, and grand larceny, second degree. The case has not as yet been scheduled or reached for trial. In January of 1969, the petitioner moved before the Nassau County Court to dismiss the indictment for want of prosecution pursuant , to section 668 of the Court of Criminal Procedure. This motion was denied by the County Court on March 21, 1969. The petitioner has yet to be tried for these crimes on the return date of this writ of habeas corpus, some five months after the County Court’s decision.
The affirmation filed on behalf of the People states that the petitioner has not been scheduled for a trial because of a “ well-established system ” under which those persons who are jailed first are tried first, and there are 30 people who have been in the jail longer. This is not an acceptable reason to deprive a person of his right to a speedy trial. This fundamental right is protected by the Sixth Amendment of the United States Constitution, section 12 of the New York Civil Rights Law and section 668 of the Code of Criminal Procedure,and recognized in the courts of this State (People v. Prosser, 309 N. Y. 353). Amy system which results in pretrial incarceration for periods of time of a year and one half must be bad, no matter how well established in the locality. The principle of reaching cases in order of the length of jail confinement is fair, provided the individuals so reached in rotation are not in jail for unconscionable lengths of time. No man can be compelled to wait his turn for an unconstitutional period.
The District Attorney details the motions brought by the petitioner, although in fairness the court notes he does not attribute the delay in prosecution to them. These include motions to dismiss for want of prosecution, to inspect the Grand Jury minutes, to be furnished with newspapers and for use of a bail-point pen. The court finds that these motions on their face cannot be found to have delayed the petitioner’s *533 trial. This conclusion is reinforced when we recall that under the 11 well-estahlished system ” petitioner’s case will not be reached until the cases of 30 other persons had been tried.
An accused is entitled to a speedy trial (see People v. Prosser, supra; People v. Winfrey, 20 N Y 2d 138). While there has been a delayed prosecution, and the accused moves for a trial of the charges for failure to give a speedy trial, the People must show good cause why the indictment has not promptly been brought on for trial (People v. Abbatiello, 30 A D 2d 11).
Under the circumstances herein presented, where the petitioner has been awaiting trial for almost a year and one half, and still waits without a definite trial date, and cannot be said to have contributed materially to the delay, the indictment will be dismissed. This conclusion is reinforced when it appears that the petitioner has already been in jail for a period which well might be within the scope of punishment meted out if found guilty.