**UNITED STATES ex rel. Calvin FRIZER, Relator-Appellant,**

v.

**Daniel McMANN, Warden of Auburn Prison, Auburn, New York, Respondent-Appellee.**

**No. 473, Docket 34039.**

United States Court of Appeals Second Circuit.

Argued Jan. 8, 1970.

Decided Jan. 27, 1970.

Submitted on Rehearing in Banc Feb. 10, 1970.

Decided April 1, 1970.

Guy Miller Struve, New York City, for relator-appellant.

John G. Proudfit, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, and Samuel A. Hirshowitz, First Asst. Atty. Gen., of counsel), for respondent-appellee.

Before LUMBARD, Chief Judge, FRIENDLY, Circuit Judge, and MANSFIELD, District Judge.*

PER CURIAM:

Calvin Frizer was convicted in the County Court of Nassau County, N. Y., after trial by jury, of burglary in the second degree and attempted grand larceny in the second degree. On appeal he claimed that his conviction had been obtained in violation of the Federal Consti-

* Of the Southern District of New York, sitting by designation.

tution because of an impermissibly suggestive identification, see Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed. 2d 1199 (1967), and that he had been denied his Sixth Amendment right to a speedy trial. The Appellate Division affirmed without opinion, People v. Frizer, 31 A.D.2d 599, 295 N.Y.S.2d 612 (1968), and a motion for leave to appeal to the New York Court of Appeals and a petition for certiorari to the Supreme Court were denied, Frizer v. New York, 394 U.S. 1007, 89 S.Ct. 1608, 22 L.Ed.2d 786 (1969). Frizer then filed a petition for habeas corpus in the District Court for the Northern District of New York, which Judge Foley denied in a brief opinion. We issued a certificate of probable cause.

The victim of the crime, a Mrs. Hubbell, testified that during the morning of September 30, 1966, she heard a noise at her front door, followed by a "picking" sound at her back door, and observed a man in a black leather jacket working on the lock and later entering the house. Mrs. Hubbell then returned to her bedroom, and while she was in the connecting corridor, she saw the man in her television room. She jumped out of a bedroom window, went across the street to a house occupied by a Mrs. Perryman, and called the police. She saw a green Ford panel truck parked next to her driveway, and a neighbor, Flatow, standing on the lawn next to it. The intruder came around the back of the truck, opened and closed the back doors, and entered the truck; Mrs. Hubbell noticed again that he wore a three-quarter length coat of black leather or plastic and a dark cap. Shortly the police called for her in a patrol car, told her they had "apprehended the men," and showed her, in a neighboring street, the green Ford panel truck with two men and several policemen standing beside it. Mrs. Hubbell identified Frizer, still wearing the black leather jacket. Flatow testified that he had seen the intruder walking between Mrs. Hubbell's house and the green Ford panel truck; that Mrs. Hubbell had shouted from Mrs. Perryman's house to

get the number of the truck; and that he had succeeded in getting the first three digits, which tallied with those of the truck the police stopped within a few minutes. He could not remember what the intruder looked like except that he was a black man. Mrs. Perryman did not see the intruder's face; she did observe the black leather jacket and cap. A patrolman testified with respect to the brief chase of the truck; it is inferable that it was detected almost immediately after leaving Mrs. Hubbell's driveway. There was no case for the defense.

 The claim that Mrs. Hubbell's having been shown Frizer by the side of the seized car was impermissibly suggestive within the meaning of Stovall v. Denno, *supra*, 388 U.S. 293, 87 S.Ct. 1967, and Simmons v. United States, 390 U.S. 377, 384–385, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), is unpersuasive. Mrs. Hubbell simply saw again what she had been observing more or less continuously from the beginning of the burglary. The case is quite analogous in this respect to Bates v. United States, 132 U.S.App.D.C. 36, 405 F.2d 1104 (1968) (Burger, J.). See also United States ex rel. Williams v. LaVallee, 415 F.2d 643 (2 Cir. 1969). Indeed, we have held that police conduct similar to that here would not be unlawful even in cases governed by United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). United States v. Davis, 399 F.2d 948 (2 Cir.), *cert. denied*, 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 449 (1968).

 Frizer's other claim is more serious. He and his codefendant Jackson (who later pleaded guilty) were arrested on September 30, 1966, and indicted on November 23, 1966. Five days later he pleaded not guilty and was remanded without bail. In March 1967 he sent the court a "Pro Se Motion to Dismiss Indictment for Want of Prosecution," which the Chief Clerk referred to his appointed counsel. The docket recites that a psychiatric examination was ordered on April 28, 1967, on motion of

counsel; that on May 24 a motion to inspect the grand jury minutes and to dismissed the indictment was denied (although the record is unclear whether this motion was made on behalf of both defendants or only Jackson); and that on June 21 the case was put on the Active Reserve Calendar. The case was called for trial on August 21 but was adjourned to September 11; Frizer's counsel apparently had requested an adjournment but for one day only and objected to the three-week postponement. On September 11 the case was marked ready and sent to the trial part but it was then discovered that the psychiatric examination ordered in the spring had not yet been held. Trial commenced on October 10, the court then denying a motion made a month earlier by Frizer's counsel to dismiss the indictment because of denial of a speedy trial.

The long delay in the trial of jail cases in Nassau County has become a source of serious concern to the New York courts. See People v. Walston, 60 Misc. 2d 531, 303 N.Y.S.2d 239 (Harnett, J., Supreme Court, Nassau County) (dismissing indictment where defendant had been held in jail for almost a year and a half and case had not yet been scheduled for trial). It ought to be. But Frizer's was not a case where nothing happened during the ten and a half months between indictment and trial. Defense counsel's pre-trial motions were not decided until six months after indictment. Even then the psychiatric examination, apparently directed in defendant's interest, had not been held—through whose fault the record does not reveal. Thus there would have been a considerable interval between indictment and trial even without the congestion in the criminal calendar of the Nassau County Court. Under such circumstances delay is not a sufficient basis for setting aside a conviction even in a jail case in the absence of a clearer showing of prejudice than has been made here. United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2 Cir. 1969). With the defense having presented no case and having given no indication what it possibly could have presented, the delay is more likely to have hurt the prosecution.

The court expresses its appreciation to Guy Miller Struve, Esq., assigned counsel, whose briefs and argument have been singularly able and helpful.

Affirmed.

On Petition for Rehearing in Banc.

LUMBARD, Chief Judge:

All the active judges concurring in the view that the delay in the trial of criminal cases, where defendants are held in jail awaiting trial, in the courts of many of the counties of New York raises serious questions of the violation of constitutional rights, the petition for rehearing *in banc* is granted.

The court requests that briefs *amici curiae* be filed within thirty days from the date of this order by the Judicial Conference of the State of New York, the New York City Criminal Justice Coordinating Council, the Mayor of the City of New York, the District Attorneys of the Counties of New York, Kings, Queens, Bronx, Westchester, Nassau and Erie, the Legal Aid Society of New York, the American Civil Liberties Union, the National Legal Aid and Defender Association, the New York State Bar Association and the Association of the Bar of the City of New York, in addition to the parties. The Judicial Conference of the State of New York, for the State, and the district attorneys, for their counties, are requested to advise the court in their briefs of the number of persons held in jail awaiting trial for more than three months and the reasons therefor and any other considerations they deem to be relevant to the questions presented.

The court reserves the right to require further oral argument.