Chief Judge Fuld (dissenting).
Although I share the court’s concern over the problem of congestion and delay in the trial of criminal cases and would welcome procedures which might alleviate the situation, I cannot concur in the conclusion that the defendant’s conviction should be affirmed.
A delay of 16 months between the defendant’s arraignment and trial—for which he was not at all responsible—is, in my view, a denial of his due process rights under the Fourteenth Amendment of the Constitution of the United States (see Dickey v. Florida, 398 U. S. 30; Klopfer v. North, Carolina, 386 U. S. 213) and of his right to a speedy trial under the statutes of this State. (Civil Rights Law, § 12; Code Crim. Pro., §§ 8, 668; CPL, § 30.20 [eff. Sept. 1, 1971]; see, e.g., People v. Prosser, 309 N. Y. 353.) This being so, the fact that such delay was attributable to congested calendar conditions in Nassau County and that the district attorney was “ ready ” and judges “willing” to hear the case seems to me beside *431 the point. As far as the defendant is concerned, he suffered the denial of a speedy trial whether the prosecutor or the court was at fault or completely blameless. The best of official motives, it has been aptly said, ‘‘cannot make prison walls acceptable to an innocent man.” (Cahn, Law in the Consumer Perspective, 112 U. of Pa. L. Rev. 1, 10; cf. People v. Savvides, 1 N Y 2d 554, 557.) In other words, the impact upon the defendant was precisely the same even though the delay could not be laid at the door of prosecutor or judge.
As Judge Bergan has persuasively demonstrated in his opinion, the conditions responsible for delay in the trial of cases are not capable of being remedied by action on the part of the courts or district attorneys alone. However, it is the responsibility of the State, or of its subdivisions, to do what is necessary—by furnishing funds, facilities and personnel—to assure the effective operation of the judicial system, and that burden may not be shifted to the defendant. The rule is simply stated; constitution and statutes mandate a speedy trial, and it is incumbent on the State to provide it.
As we held some 15 years ago in People v. Prosser (309 N. Y. 353, 358, supra), “ It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial.” The Fourteenth Amendment’s guarantees do not depend on the action or inaction of any particular State agency or individual; they are designed to protect the defendant against State action of any kind which deprives him of his rights. (Cf. Shelley v. Kraemer, 334 U. S. 1, 14.) When the State fails in its duty, the defendant is entitled to relief. ‘ ‘ The right to a speedy trial ’ ’, the Supreme Court recently wrote (Dickey v. Florida, 398 U. S, 30, 37, supra), “ is not a theoretical or abstract right but one rooted in hard reality on the need to have charges promptly exposed * * * Stale claims have never been favored by the law, and far less so in criminal cases.”
It may well be that conditions will be improved in the future, and trial delays reduced, if the proposals suggested in the court’s opinion are adopted. The fact is, however, that we are confronted, and must deal, with the situation as it exists today and affects this defendant and, although it is unfortunate that the *432 lack of necessary facilities and personnel results in calendar congestion and long trial delays, that “ cannot excuse denial of due process rights in any particular case where a defendant has not been party to the delay”. (People ex rel. Frizer v. McMann, 437 F. 2d 1312, 1315, per Lumbard, Ch. J.; see, also, People v. Walston, 60 Misc 2d 531.)
I would, therefore, reverse the judgment and dismiss the indictment.
Judges Scileppi, Jasen and Gibson concur with Judge Bergan; Judge Breitel concurs in an opinion; Chief Judge Fuld dissents and votes to reverse in a separate opinion in which Judge Burke concurs.
Judgment affirmed.