■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD F. PURDY, Appellant.—

Concur — Stevens, P. J., Capozzoli, McGivern and Macken, JJ.; Nunez, J., dissents in the following memorandum: Defendant was indicted on May 13,

1968. His trial commenced 16 months later on September 10, 1969. Unable to provide $25,000 bail, he was incarcerated continuously from date of arrest on May 1, 1968 to date of trial. Defendant made three formal applications to dismiss the indictment for failure to prosecute. The District Attorney in answer to the first motion stated that Purdy had not yet been tried because the District Attorney was engaged in the trial of indictments predating Purdy's. On May 28, 1969 the court denied the motion with leave to renew if the case was not tried during the July Term. July having come and passed without trial, defendant renewed his dismissal application on August 18, 1969. The District Attorney tendered the same predated indictment excuse and further vaguely indicated that a prior adjournment had been due to the fact that a police officer had been on vacation and another one had been ill. On August 21, 1969 the court directed the District Attorney to try defendant's case immediately following the trial of indictment No. 1077-68. The record does not show that this direction was followed. ' It would seem that it was not, for the defendant moved for a third time to dismiss! The last motion, opposed only orally by the District Attorney, was returnable on September 9, 1969. This motion was likewise denied. Trial commenced, as stated above, on September 10, 1969. The excuse proffered by the District Attorney on the first two motions is not valid. "The affirmation filed on behalf of the People states that the petitioner has not been scheduled for a trial because of a 'well-established system' under which those persons who are jailed first are tried first, and there are 30 people who have been in the jail longer. This is not an acceptable reason to deprive a person of his right to a speedy trial. * * * The principle of reaching cases in order of the length of jail confinement is fair, provided the individuals so reached in rotation are not in jail for unconscionable lengths of time. No man can be compelled to wait his turn for an unconstitutional period." (*People* v. *Walston*, 60 Misc 2d 531, 532.) The District Attorney merely stated in conclusory terms that he was engaged in trying earlier cases. No factual showing is made. Perhaps many earlier indicted defendants had not been tried due to their own delaying tactics. He does not state whether he was engaged in the trial of earlier jail or bail cases.* A delay of 16 months between the defendant's arraignment and trial — during which time he was clammering for a trial — is, in my view, a denial of his due process rights under the Fourteenth Amendment of the Constitution of the United States (see *Dickey* v. *Florida*, 398 U. S. 30; *Klopfer* v. *North Carolina*, 386 U. S. 213) and of his right to a speedy trial under the statutes of this State. (CPL § 30.20 [eff. Sept. 1, 1971]; Civil Rights Law, § 12; Code Crim. Pro., §§ 8, 668; see, e.g., *People* v. *Prosser*, 309 N. Y. 353.) As the Court of Appeals held in *People* v. *Prosser* (*supra*, p. 358) "It is the state which initiates the action and it is the state which must see that the defendant is arraigned. It is likewise the state which has the duty of seeing that the defendant is speedily brought to trial." The Fourteenth Amendment's guarantees protect the defendant against State action of any kind which deprives him of his rights. (Cf. *Shelley* v. *Kraemer*, 334 U. S. 1, 14.) When the State fails in its duty, the defendant is entitled to relief. "The right to

---

* In court circles it has been observed that not infrequently the District Attorney will move bail cases for trial ahead of earlier indicted jailed defendants. This is due in part to the rule in this Department (much criticized as being ill conceived) which permits the District Attorney complete control of the criminal calendars.

a speedy trial," the Supreme Court recently wrote (*Dickey* v. *Florida, supra*, 37) "is not a theoretical or abstract right but one rooted in hard reality on the need to have charges promptly exposed. * * * Stale claims have never been favored by the law, and far less so in criminal cases." The majority is affirming on the authority of *People* v. *Ganci* (27 N Y 2d 418). But in *Ganci* the defendant was imprisoned under a conviction on an unrelated charge during all the period between arraignment and trial and, more importantly, the delay was not attributable to the prosecutor who was steadily ready for trial; the delay was attributable to the congestion of the Criminal Trial Calendar in Nassau County. "We are convinced that the continuance of this situation [delay in the trial of criminal cases in the metropolitan area] cannot excuse denial of due process rights in any particular case where a defendant has not been a party to the delay or absent other circumstances peculiar to his case. The Fourteenth Amendment guarantees to every defendant facing state criminal charges the due process right to a speedy trial (Klopfer v. North Carolina, 386 U. S. 213, 1967)." (*United States ex rel. Frizer* v. *McMann*, 437 F. 2d 1312, 1315.) For the foregoing reasons I would reverse the judgment of conviction and dismiss the indictment *in toto*.